J-A25025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RALPH ANTHONY SAEZ | : | |
| | : | |
| Appellant | : | No. 232 MDA 2019 |

Appeal from the Judgment of Sentence Entered January 9, 2019
In the Court of Common Pleas of Snyder County Criminal Division at
No(s): CP-55-CR-0000208-2018

BEFORE: STABILE, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED FEBRUARY 18, 2020**

Ralph Anthony Saez appeals *pro se* from the judgment of sentence entered after a jury found him guilty of fleeing or attempting to elude police officer.[1] He challenges the sufficiency of the evidence. We affirm.

Saez proceeded *pro se* at trial where the Commonwealth presented the following evidence.[2] Trooper Michael Palange stopped "a black pickup truck" after observing it did not have inspection stickers or a license plate. N.T., Trial, 11/27/18, at 34, 35. After Trooper Palange activated his lights and siren, the vehicle pulled over. *Id.* at 35. When Trooper Palange approached the vehicle,

_____

[1] 75 Pa.C.S.A. § 3733(a).

[2] Prior to trial, the court conducted an on-the-record colloquy with Saez and found that Saez had "knowingly, intelligently, and voluntarily waived his right to counsel." N.T., Trial, 11/27/18, at 21.

Saez was in the driver's seat; Helen Russell was in the front passenger seat. *Id.* at 35, 39. Saez asked Trooper Palange "[I]s there an emergency[?]" *Id.* at 36. Trooper Palange told him that "the emergency was that [Saez] did not have a registration plate[,]" and Saez replied that "he did not need a registration plate." *Id.* Trooper Palange told Saez "to stay put" and began walking back to his patrol car. *Id.* at 37-38. Saez told Trooper Palange "that if there's no emergency then he was going to be on his way." *Id.* at 38. Trooper Palange did not get a chance to respond because "[Saez] then placed the vehicle in drive and left the scene." *Id.* at 39.

Trooper Palange got back into his vehicle, "following Mr. Saez after he left the scene." *Id.* Trooper Palange testified that his lights were activated as he followed behind Saez. *Id.* Trooper Palange also testified that Saez drove approximately 10 miles and eventually pulled into the driveway of his house. *Id.* at 40, 48. The Commonwealth also presented the dash board camera footage from Trooper Palange's patrol car. *Id.* at 44. The court took judicial notice "that the Vehicle Code requires vehicles, such as [Saez's] as portrayed in the video and through the testimony, to be properly inspected and licensed." *Id.* at 54, 55.

During cross-examination, Trooper Palange testified that Pennsylvania law requires the registration of vehicles, including salvage vehicles. *Id.* at 57. He also testified that when he asked Saez for paperwork for the vehicle, Saez "denied to give me it" and "upon a traffic stop, you are required to give . . .

your registration, insurance paperwork, and your photo ID or driver's license."
***Id.*** at 58.

Saez testified in his own defense and presented the testimony of Russell and his son. The jury returned a guilty verdict for fleeing or attempting to elude police officer. The trial court, sitting without a jury, also found Saez guilty of the numerous summary offenses: registration and certificate of title required, registration card to be signed and exhibited on demand, drivers required to be licensed, carrying and exhibiting driver's license on demand, required finance responsibility, and operation of vehicle without official certificate of inspection.[3] At a later date, the court imposed a sentence of six months' reporting probation for the fleeing conviction and fines for the remaining convictions. N.T., Sentencing, 1/9/19, at 12. Saez did not file a post sentence motion.

He did file a timely notice of appeal. Because Saez had done so *pro se*, this Court remanded for a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1988). Upon remand, the trial court determined Saez knowingly, intelligently, and voluntarily waived his right to counsel on appeal.

Saez's brief offers the following statement of questions involved:

> I.    Did the [c]ourt err in finding [Saez] guilty of the charge of Fleeing or Eluding as the evidence was insufficient to show a command to stop or stay?

---

[3] 75 Pa.C.S.A. §§ 1301(a), 1311(b), 1501(a), 1511(a), 1786(f), and 4703(a), respectively.

II.   Did the [c]ourt err in finding evidence to sustain the verdict of Fleeing or Eluding due to insufficient evidence?

III.  Did the [c]ourt err in providing evidence to prove [Saez] was claiming to be a sovereign citizen to avoid the charges pertaining to Pa. C.S. Title 75?

IV.   Did the [c]ourt err in proving evidence that Pa. C.S. Title 75 pertained to Ralph A. Saez's personal property in which he was simply exercising his right of possession and use?

Saez's Br. at 7.

Saez's first claim challenges the sufficiency of the evidence. Our standard of review of a challenge to the sufficiency of the evidence is *de novo*. ***Commonwealth v. Rushing***, 99 A.3d 416, 420 (Pa. 2014). "[O]ur scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner." ***Id.*** at 420-21.

The crime of fleeing or eluding an officer requires the Commonwealth to prove beyond a reasonable doubt that the driver of a vehicle "willfully fails or refuses to bring his vehicle to a stop, or...otherwise flees or attempts to elude a pursuing police officer, when given a visual and audible signal to bring the vehicle to a stop[.]" 75 Pa.C.S.A. § 3733(a). A signal from the police officer "may be by hand, voice, emergency lights or siren." ***Id.*** at § 3733(b).

Saez claims that "the Commonwealth has failed to meet it's [sic] burden of proof beyond a reasonable doubt to show that a command not to leave would give rise to a crime of fleeing or eluding." Saez's Br. at 11. He alleges

that Trooper Palange "asked" him to stay and this did not amount to a "command" to stay. *Id.* at 10-11. He also claims that the dash board camera supports this argument. However, the dash board camera was not included in the certified record.

Here, the Commonwealth was required to prove that Trooper Palange gave an audible or visual signal to Saez to stop his vehicle and that Saez willfully failed or refused to bring his vehicle to a stop or that he fled or attempted to elude Trooper Palange. *See* 75 Pa.C.S.A. § 3733(a). Trooper Palange testified that he told Saez to stay after pulling his vehicle over for lack of registration and a license plate. Despite being told to stay, Saez proceeded to leave the scene and drive for approximately 10 miles until he returned to his home. Trooper Palange testified that upon Saez leaving the scene, he got back into his patrol car, activated his lights, and followed Saez. Thus the evidence was sufficient to show that Saez willfully failed to stop his vehicle despite being given a visual signal to stop by a police officer. Furthermore, Saez's personal interpretation of Trooper Palange's telling him to remain at the scene has no impact on our conclusion. Even if Saez believed that he was free to leave the scene at that point, Saez had an obligation to stop his vehicle when Trooper Palange activated his lights for the second time.

Saez's second claim, as stated in the statement of questions involved, is also a challenge to the sufficiency of the evidence. As developed in his brief, it is a claim that the evidence was insufficient because Trooper Palange lacked personal knowledge of the requirements of the Vehicle Code. Personal

knowledge is not a question of the sufficiency of the evidence, but rather the admissibility of the trooper's testimony. This claim is therefore meritless. To the extent Saez directly challenges the admissibility of the trooper's testimony, Saez waived the issue by failing to object at trial, raise the claim in his Pa.R.A.P. 1925(b) statement, or include it in his statement of questions involved. Pa.R.A.P. 302(a), 1925(b)(4)(vii), and 2116(a); ***Commonwealth v. Lynn***, 71 A.3d 247, 247 (Pa. 2013) (per curiam).

Saez's third and fourth claims as stated in the statement of questions involved suggest evidentiary challenges. However, as developed in the brief, he raises different issues. The divergence amounts to waiver. Pa.R.A.P. 2116(a); ***Lynn***, 71 A.3d at 247. Even if preserved, the claims would not merit relief. We address each independently.

Saez's third claim as argued in his brief is that the evidence was insufficient to prove that he was claiming to be a sovereign citizen. Saez waived this issue not only by not clearly including it in his statement of questions involved, but also by not placing it in his Rule 1925(b) statement. In any event, it is frivolous. The Commonwealth was not required to prove any such thing in order to convict him of any offense with which he was charged.

In his fourth claim, Saez seems to argue – it is not at all clear – that he is not subject to the provisions of the Vehicle Code because his vehicle "is not subject to a security interest because the Commonwealth does not have title and there is no certificate of title that would prove that there is a security

interest in the property, (alleged motor vehicle)." Saez's Br. at 18. Like the preceding issue, Saez waived this issue two ways: he failed to place it in his statement of questions involved, and did not raise it in a post sentence motion. In any event, it is patently frivolous. We affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/18/2020